Argued June 5, affirmed July 15, 1963

# BROWN *v.* WESTFAL-LARSEN AND CO.

383 P. 2d 1003

*Lofton L. Tatum,* Portland, argued the cause for

appellant. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Frank H. Pozzi and Pozzi, Levin & Wilson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

The defendant shipowners appeal from a judgment for the plaintiff, a stevedore, who was injured while loading a ship.

The question in this case is whether a jury could properly find that the ship was unseaworthy within the meaning of the law relating to the liability of shipowners to longshoremen.

■ A shipowner owes an absolute, nondelegable duty to workmen loading and unloading its vessel to furnish a seaworthy ship and gear. This duty applies to longshoremen whether they are aboard ship or are using the ship's gear alongside the dock. *Gutierrez v. Waterman Steamship Corp.,* 83 S Ct 1185, 10 L Ed2d 297 (1963).

Brown was injured when he was swept off a railroad car alongside the ship during the hoisting of lumber from the railroad car to the hatch being worked at the time. A jury could have found that the ship's gear in use at the time and place was too short to swing the draft aboard without premature lateral movement and that such inadequacy was a cause of the accident.

The hatch was equipped with two sets of cargo-handling gear. Forward of the hatch were two 14-meter booms rigged for handling cargo. Two booms

were likewise rigged after the hatch. The after booms were 16 meters in length. The difference in length was such that the after booms were better suited to the handling of the particular cargo being loaded at the time of the accident than were the forward booms which were being used.

For the purposes of this case we shall assume that the use of the after gear would have been safe and that the use of the forward gear was dangerous. The evidence showed that the forward gear had been rigged by the ship's company and was ready to operate when the stevedore gang came aboard. The stevedores took the gear as they found it and proceeded to load cargo. For the first half of the shift the forward gear was conceded to be safe. The type of cargo changed during the shift, but the stevedores continued to use the forward gear until Brown was hurt, whereupon they changed over to the after gear and finished their work.

Generally speaking, a shipowner is not liable for the negligent use by stevedores of seaworthy gear. In such cases the cause of the injury is the improper use of the gear and not any breach of duty in the furnishing of the gear. *Puddu v. Royal Netherlands Steamship Company*, 303 F2d 752 (2d Cir 1962). On the other hand, the shipowner may furnish stevedores with gear that is seaworthy only when used for one purpose but which is not seaworthy when used for a different purpose. If the gear is likely to be used for a purpose for which it is not fit, then the furnishing of such gear could be a violation of the duty to furnish seaworthy gear. *Michalic v. Cleveland Tankers, Inc.*, 364 US 325, 81 S Ct 6, 5 L Ed2d 20 (1960); *Mahnich v. Southern S. S. Co.*, 321 US 96, 103, 64 S Ct 455, 88 L Ed 561 (1944).

There was the testimony of at least one witness

to the effect that the ship was a frequent caller at the port, that it was the custom of the ship (acting through a mate having charge of loading and unloading) to select the gear to be used, that the selection in this instance was indicated by loosing and swinging out the forward booms while leaving the after booms secure. There was evidence that the ship had a mate on watch at the time of the accident. The jury could have found that the mate on watch knew, or should have known, when the type of cargo and the loading hazards changed. The jury could infer that the ship's officers knew, or should have known, that the after booms were better fitted for the loading at the time of the accident than were the forward booms which the stevedores continued to use. The jury could have found that there was a continuing invitation by the ship to employ the forward gear until the ship's personnel indicated that a change should be made.

The trial court submitted the matter of seaworthiness to the jury under proper instructions. Since, under the evidence, the jury could have found that the ship's company customarily selected the gear, the jury could have drawn the inference that the stevedores were entitled to work with gear so selected until a representative of the ship directed otherwise. Upon such inferences, it would be within the scope of the jury's function to determine that the ship had failed to furnish gear suitable for the work at hand. The jury then could have found that such a failure was a cause of the injury rather than the equally permissible inference that the negligence of the stevedores was the sole cause of the injury. Upon the facts testified to, the choice of inferences was for the jury, not for the court.

Affirmed.